UNITED STATES

v.

**Michael A. MILLER, 225 70 4077, Gunnery Sergeant (E–7), U.S. Marine Corps.**

**NMCM 89 1452.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 23 Sept. 1988.

Decided 5 April 1990.

Capt. Dwight H. Sullivan, USMCR, Appellate Defense Counsel.

Richard B. Hudson, Civilian Defense Counsel.

Lt. L. Lynn Jowers, JAGC, USNR, Appellate Government Counsel.

Before McLERAN, Senior Judge, and HILTON and RUBENS, JJ.

PER CURIAM:

Appellant was convicted by a general court-martial composed of officer and enlisted members of an unauthorized absence, ten larcenies, and false swearing in violation of Articles 86, 121, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 886, 921, and 934, respectively. He was sentenced to confinement for 3 years, forfeiture of all pay and allowances, reduction to E–1, and a dishonorable discharge. Appellant asserts the following error:

THE MILITARY JUDGE ERRED IN RESTRICTING APPELLANT'S USE OF HIS PEREMPTORY CHALLENGE.

█ In voir dire, defense exercised its peremptory challenge with the result that the panel dropped below the requisite one-third proportion of enlisted members. Citing *United States v. Carter,* 25 M.J. 471 (C.M.A.1988), the military judge, *sua sponte,* allowed each side an additional peremptory challenge. Subsequently, the convening authority detailed two additional enlisted members to the court.

At the conclusion of the examination of the two new members, the defense challenged one of them, a Master Sergeant Curtis, for cause. The military judge denied the challenge, whereupon the defense sought to exercise its additional peremptory challenge against Captain Kelly, a member on the initial panel who had not previously been challenged for cause, but who had, of course, been subject to peremptory challenge. The Government opposed this attempted use of the additional peremptory challenge on the basis that its exercise should be limited to newly detailed members. The military judge sustained the objection, instructing the defense to restrict

its use of the additional peremptory challenge to Master Sergeants Curtis or Kaspar, the newly detailed members. The defense elected to remove Master Sergeant Curtis peremptorily.

When new members are detailed to a court-martial, the military judge has the discretion to allow additional peremptory challenges. *United States v. Carter, supra* (per Everett, C.J.; Cox, J., concurring specially; and, Sullivan, J., concurring in the result). A principal reason for this is to ensure that every individual who sits as a member of a court-martial has been exposed to peremptory challenge by the accused.[1] Considered in this light, it is logical, and we believe correct, for the military judge to limit the exercise of additional peremptory challenges to newly detailed members.[2] Accordingly, we find the assignment of error to be without merit.

Contending that the sentence is inordinately severe, appellant asks this Court to disapprove the dishonorable discharge. The sentence was adjudged on 23 September 1988. There was no pretrial agreement. On 20 April 1989, the convening took action approving the sentence, but suspending all unexecuted confinement and forfeitures for a period of 12 months, with provision for automatic remission.

At the time of his trial, appellant was a gunnery sergeant (E–7) with more than 19 years active military service. The awards and decorations to which he was entitled included the Bronze Star Medal with valor with two stars in lieu of second and third awards, Navy Achievement Medal, Combat Action Ribbon, and Good Conduct Medal with four stars. He served a one-year tour of duty in the Republic of Vietnam while an enlisted man in the U.S. Army. The character of appellant's record of military service is excellent, with no prior disciplinary action.

At the time appellant committed the offenses for which he was sentenced, he was the Administrative Chief of the U.S. Marine Corps Inspector–Instructor (I & I) Staff at the Reserve Center in Omaha, Nebraska. His duties included arranging transportation for Marine reservists going on annual training duty (ATD). On 25 July 1987, their ATD in Okinawa completed, 15 Marine reservists were scheduled to arrive at a civilian airport in Omaha, Nebraska, where appellant was present to meet them and transport them by government vehicle to the Reserve Center. Only five of the expected 15 Marines arrived. Ten reservists had opted at Narita Airport on mainland Japan to voluntarily give up their seats on their overbooked Northwest Orient flight in return for a later flight and $400 compensation from the airline.[3]

When these ten Marines arrived in Omaha on 26 July 1987, appellant was there to meet them. He advised them of their rights under Article 31, UCMJ, 10 U.S.C. § 831, informing them that he believed they had committed certain offenses in voluntarily departing from their itinerary. He

---

1. In *United States v. Carter*, 25 M.J. 471, 474 (C.M.A.1988), Chief Judge Everett favored an interpretation of Article 41(b), UCMJ, 10 U.S.C. § 841(b), that would confer upon an accused an entitlement to "a single peremptory challenge exercisable as to any person who ultimately sits to try his case [as opposed to] a single peremptory challenge, which, having once been used, vanishes and is not revived with respect to members later added to the court-martial by the convening authority." *See also United States v. Holley*, 17 M.J. 361, 372 (C.M.A.1984) (Everett, C.J., dissenting) (Chief Judge Everett opined that the language of Article 41(b) that "[e]ach accused and the trial counsel is entitled to one peremptory challenge" meant that "no person can sit on a court-martial who has never been exposed to peremptory challenge by the parties."

2. There is a parallel in Fed.R.Crim.P. 24(c). This rule entitles each side to one or more additional peremptory challenges when alternate jurors are to be empanelled. However, the rule restricts the exercise of such additional peremptory challenges to alternate jurors and further provides that other peremptory challenges allowed by the rules may not be used against alternate jurors. Thus, limitations are imposed on the exercise of peremptory challenges based on category of juror.

3. The prosecution introduced Marine Corps Order 4001.2 dated 23 April 1986, paragraph 9.e., as evidence that the Marines who had voluntarily vacated their seats in return for payment by the airline were entitled to keep the money they received.

also told them that they were not entitled to keep the money they had been paid by the airline for surrendering their seats. In this regard, appellant directed the ten late arrivals to give that money to him for surrender to the Government. Evidence presented at trial established that the Marine Corps activity to which appellant said that he had sent the money collected from the reservists had never received it.[4] The ten larceny specifications of which appellant was convicted involved sums of money totaling $2,700 given to appellant by seven of the reservists.

In addition to the larcenies, appellant was convicted of false swearing (that he had converted the money received from reservists to postal money orders and mailed them to Albany) in violation of Article 134, UCMJ, and, pusuant to his guilty plea, a 26–day unauthorized absence in violation of Article 86, UCMJ.

In evaluating the appropriateness of the sentence in this case, we have been guided by the principle that "proper punishment should be determined on the basis of the nature and seriousness of the offense[s] and the character of the offender...." *United States v. Mamaluy,* 10 U.S.C.M.A. 102, 107, 27 C.M.R. 176, 181 (1959). We have also considered that "a dishonorable discharge should be reserved for those who should be separated under conditions of dishonor, after having been convicted of offenses usually recognized in civilian jurisdictions as felonies...." Rule for Courts–Martial (R.C.M.) 1003(b)(10)(B), Manual for Courts–Martial, United States, 1984. In light of all of the facts and circumstances of this case, we believe that the sentence adjudged by the court is not inappropriately severe. Furthermore, we find beyond a reasonable doubt that the findings of guilty and the sentence are correct in law and fact and conclude on the basis of the entire record that they should be approved. Article 66(c), UCMJ, 10 U.S.C. § 866(c). Accordingly, the findings of guilty and sentence as approved on review below are affirmed.

---

**4.** The prosecution introduced appellant's written statement to an NIS agent that he had mailed the money he collected to "the CG, MCLB, Albany, Ga." The officer assigned to Marine Corps Logistics Base (MCLB), Albany, Georgia, responsible for accounting for any such monies testified that the money appellant said he sent to MCLB, Albany, had never been received.